UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DARRYL PIERCE,                          :
                                        :
                                        :       Civil Action No.
                 Petitioner,            :       10-5387 (NLH)
                                        :
          v.                            :       Related Crim. No.
                                        :       06-916 (NLH)
UNITED STATES OF AMERICA                :
                                        :       OPINION
                                        :
                 Respondent.            :


Appearances:

Darryl Pierce
05620-067 - FCI Gilmer
P.O. BOX 6000
Glenville, WV  26351

Diana Carrig, AUSA
U.S. Attorney's Office
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ  08101


**HILLMAN, District Judge**

     Petitioner Darryl Pierce files this motion under 28 U.S.C. §
2255 challenging his conviction on various grounds.  For the
reasons that follow, the Petition will be denied.

     Petitioner was indicted in the District of New Jersey on
November 14, 2006 in a three count indictment.  Count 1 charged
distribution of cocaine in violation of 21 U.S.C. § 841.  Count 2
charged the Petitioner with knowingly and willfully possessing
and brandishing a firearm in furtherance of a drug trafficking

crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Count 3 charged violations of 18 U.S.C. §§ 922(g) and 924(e)(1)(1)(A)(ii) alleging that the Petitioner was a Armed Career Criminal.

On May 10, 2007 Petitioner entered a plea to Count 3 of the Indictment in exchange for dismissal of Counts 1 and 2. Petitioner pled guilty pursuant to a written plea agreement, dated March 29, 2007 and signed by the Petitioner on April 25, 2007, which contained a comprehensive waiver of appeal and collateral attack.  In that agreement, the parties jointly agreed that the Court should sentence the Petitioner to the statutory mandatory 15-year sentence required upon a conviction under the statute applicable to Count 3, 18 U.S.C. § 924(e)(1).  That agreement, while binding on the parties, was not binding on the Court.  On November 15, 2007, this Court sentenced the Petitioner to a term of 16 years (192 months) and upon motion of the United States dismissed Counts 1 and 2 of the Indictment.

On October 19, 2010, Petitioner filed a motion under 28 U.S.C. § 2255.  He later supplemented that motion with filings entered on December 18 and December 27, 2011.  The government filed a motion to dismiss the Petition on April 18, 2012.  That motion will be granted.

The Petition in this matter is untimely and may be denied on that basis alone.[1]  By statute, Petitioner had one year after his

---

[1] The Petition is also lacking in merit.  In his various submissions, Petitioner asserts four grounds for relief: 1) Count 3 of the indictment is defective because it did not allege that

conviction became final to seek relief under 28 U.S.C. § 2255. Since defendant did not seek to appeal his sentence and conviction, his conviction became final for purposes of the statute ten days after the Court entered the Judgment of Conviction.  Accounting for weekends and legal holidays, Petitioner's right to appeal expired November 30, 2007. Accordingly, his right to file a § 2255 Petition expired one year later on November 30, 2008.  This October 19, 2010 Petition is therefore barred as untimely.

Moreover, Petitioner has asserted no facts which would justify equitable tolling or any other bar to the application of the statute of limitations nor can we discern one after a careful review of the record.  <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616 (3d Cir. 1998).[2]

the defendant acted "unlawfully"; 2) he did not consent to "removal" to federal court of the charges initially brought against him in state court; 3) 18 U.S.C. §§ 922 and 924 are unconstitutional; and 4) irregularities in the grand jury process.  Taking these claims in order, the Indictment squarely placed the defendant on notice that he was charged with a criminal offense, cited the precise statute charged, and properly recited the required elements.  As for "removal," the defendant does not have the right to challenge the decision of a separate sovereign to charge offenses similar to that charged by the state.  On the issue of the constitutionality of the relevant statutes, no basis to question the validity of those statutes have been raised either facially or as applied.  Finally, no facts have been asserted by the Petitioner that raise a colorable claim that the grand jury proceedings in this matter were irregular in any way.  In sum, each of Petitioner's claims is patently frivolous.

[2] The Government argues in the alternative that the Petition is also barred by the terms of Petitioner's plea agreement. While the plea agreement did contain a comprehensive waiver of

Lastly, pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254 or 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

For the reasons discussed above, this Court's review of the claims advanced by Petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue. Thus, this Court will decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) (2).


    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey
Dated: July 2, 2012

---

appeal and collateral attack it barred review only if the defendant received the agreed upon term of 15 years.  See Plea Agreement, Schedule A, para. 2.  However, the Court chose to disregard the stipulation and sentenced the defendant to a term of 192 months or 16 years.  This Petition is therefore not barred by the terms of the plea agreement.